*243 OPINION.
Tyson :
The issue presents a question of fact as to whether the old bank stock actually became worthless in the taxable year 1934, which presupposes that it had value during 1933, or, whether such stock became worthless during 1933.
A loss by reason of the worthlessness of stock must be deducted in the year in which the stock becomes worthless and the loss is thereby actually sustained. In Sterling Morton, 38 B. T. A. 1270, 1279-1280, the Board, after citing numerous cases, reviewed many types of “identifiable events” under varying factual circumstances which have been considered as establishing the worthlessness of stock. Applying the principles there announced to the facts in the instant case, we conclude, and have so found, that the petitioner’s stock in the old bank actually became worthless during 1933 and thus prior to the taxable year here involved.
Here it is shown that the old bank was insolvent to the extent of approximately $570,000 in April 1933, and remained in that condition throughout the balance of that year and through 1934. Thus, it is also necessarily shown that during 1933 petitioner’s old bank stock lost any liquidating value. To avoid a determination that the stock became worthless at that time, there must be a showing that despite the loss of any liquidating value there still remained throughout 1833 a real potential value through the continued existence of a reasonable expectation that the stock would become valuable. Mark D. Eagleton, 35 B. T. A. 551; affd., 97 Fed. (2d) 62; John J. Flynn, 35 B. T. A. 1064; and William E. Steinback, 30 B. T. A. 1252. Cf. Robert Barbour, 39 B. T. A. 553; Sterling Morton, supra.
The record shows that, while the old bank was permitted to reopen after the national bank holiday in March 1933, and was permitted to remain open during the remainder of 1933 and up to February 1934, the restrictions imposed caused the old bank to really cease doing its regular banking business and commence the liquidation of its assets, with the sole exception of merely acting as a depository for new deposits, which were required to be segregated. From April to December 1933, efforts were made to rehabilitate the old bank under its charter pursuant to a proposed plan to readjust its capital structure by a required minimum of $768,304 new capital. However, such plan was abandoned shortly prior to December 15, 1933, and a plan for a new bank and the liquidation of the old bank was inaugurated. That event definitely extinguished any potential value the old bank stock may have had from April to December 1933.
*244 The formulation of the plan to organize a new bank and liquidate the old bank, dated December 15, 1933, did not provide a basis for a eontinued reasonable expectation that the old bank stock would become valuable through the consummation of that plan. The plan contemplated the organization óf a new bank to take over all' of the old bank’s acceptable assets in consideration for its assumption of an equal amount of the old bank’s deposit liability; the liquidation o-f the old bank’s remaining unacceptable assets by a trustee to pay ©if,, as far as possible, its remaining, liabilities, which greatly exceeded the value of such remaining assets; and the issuance of liquidating trust certificates C to the stockholders of the old bank in exchange for their stock in that bank. Upon the formulation of that plan on December 15, 1933, it was as evident as it was on February 9, 1934, when the plan was consummated, that the class C liquidating certificates would be worthless when issued because of the great excess of liabilities, amounting to approximately $570,000, over the value of the assets, resulting in the insolvency of the old bank. Cf. Foster v. Commissioner, 112 Fed. (2d) 109; Darling v. Commissioner, 49 Fed. (2d) 111; certiorari denied, 283 U. S. 866; and Simon Jankowsky, 18 B. T. A. 1039; affd., Jankowsky v. Commissioner, 56 Fed. (2d) 1465. Thus,, from the time efforts to rehabilitate the old bank were abandoned and the plan for the new bank was formulated in December 1933, and up to the consummation of the plan in February 1934, the total lack of any prospect of the petitioner ever recovering anything on his old bank stock remained the same.
The petitioner’s position is that the old bank stock became worthless in February 1934, upon the consummation of the plan for the new bank, but the facts show that it- was equally worthless in December 1933. Accordingly, the consummation of the plan in February 1934 had no effect, as an identifiable event, in establishing, worthlessness of the old bank stock, as contended by petitioner, for such stock had definitely become worthless in December 1933.
Tie fact that petitioner in February 1934 for the first time lost all hope of recovering anything on his stock in the old bank “does not form a basis” for holding that the stock became worthless at that time. William E. Steinback, supra.
The petitioner’s old, bank stock having become worthless prior to the taxable year 1934, we- hold that respondent did not err in disallowing the claimed loss' deduction of $78,700.
Reviewed by the Board.

Decision will be entered, for the respondent.